IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | ) | Judge Rosemary Gambardella |
| | ) | |
| DONALD J. MELIADO, JR., | ) | Case No. 22-17467-RG |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |
| | ) | Hearing: December 7, 2022 |

### UNITED STATES' OBJECTION TO CONFIRMATION

The United States of America, by its undersigned counsel, objects to the confirmation of

Donald J. Meliado, Jr.'s ("Debtor") Chapter 13 plan because it is not feasible and does not

account for the Internal Revenue Service's ("IRS") unsecured priority claim. The United States

also objects to the sale of the real property in question to the extent that the sale seeks to

circumvent the United States' lien.

### Procedural Background

In July 2018, the United States commenced an action in the District of New Jersey to

recover: (1) joint income tax liabilities assessed against Donald and Jacqueline Meliado in the

amount of $369,637.81 as of July 9, 2018; (2) trust fund recovery penalty liabilities assessed

against Donald Meliado in the amount of $34,618.54 as of July 9, 2018; and (3) to foreclose on

the federal tax liens in the real property located at 115 Pawnee Road, Cranford, New Jersey. The

parties entered into a settlement agreement that was left pending when another defendant

claimed interest in the real property. The parties litigated an intervention motion by the said

defendant, which was ultimately resolved in the United States' favor. Subsequently, on March

21, 2022, the Court signed an agreed judgment consistent with the settlement agreement. *United*

*States v. Meliado, et al.*, Case No. 2:18-cv-11387-MCA-LDW (N.J.D.) (Docs. 1, 73, 97, 99). The

terms of the settlement agreement were as follows:

1.      With respect to their joint income tax liabilities, Donald and Jacqueline Meliado agreed to pay $330,000 in monthly installments of $3,000 until paid in full.

2.      With respect to Donald Meliado's trust fund recovery penalties, Donald Meliado agreed to pay $35,000 in the following manner: two checks to the United States for $2,309.77 for first two months and then monthly installment payments of $500 until paid in full.

3.      Donald and Jacqueline Meliado agreed to execute an agreed order of sale of the real property located at 115 Pawnee Road, Cranford, New Jersey. The United States reserved the right to file the order of sale immediately if Donald and Jacqueline Meliado missed any of the above payments and failed to cure their default.

Since the Court entered the agreed judgment on March 21, 2022, Donald and Jacqueline Meliado have failed to make any payments and are in default of their settlement agreement, affording the IRS the right to sell their property.

On September 21, 2022,  Donald Meliado filed a Chapter 13 Petition in this Court.

On October 14, 2022, the IRS filed a proof of claim in the amount of $436,833.77. (Claim 5-1).  The claim has three components: (1) $431,540.54 is a secured claim; (2) $4,909.13 is an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8); and (3) $384.10 is a general unsecured claim.

**The Debtor's Plan**

The Debtor has formulated a plan which calls for a monthly payments of $500 to the Trustee and adequate protection payments of $1,000 to the IRS. The Debtor proposes, on September 30, 2023, to sell his residence located at 115 Pawnee Road, Cranford, New Jersey to pay his secured creditors. The Debtor has not provided an appraised value for his residence.

The monthly net income of the Debtor and his non-filing wife is $921.42. Notably, the monthly expenses include two car payments to his secured creditors: $223 monthly payment to One Main Financial for a 2015 Cadillac (creditor's total claim is $6,902.57) and $408.93 to Santander Consumer USA for a 2015 Toyota (creditor's total claim is $13,355.75). There is also a monthly payment of $707.14 made to Mazda Financial to lease his wife's car: 23 monthly payments remain on this lease. The petition lists another secured debt of $38,278.72 to the State of New Jersey and $218,900.62 of unsecured debts owing to 10 creditors.

**Argument**

**A.      The Debtor's plan is not feasible under 11 U.S.C. § 1325(a)(6).**

As Collier noted, "the most important criterion for the confirmation of a chapter 13 plan . . . is subsection 1325(a)(6)'s requirement that the court determine whether the chapter 13 debtor will be able to make all payments under the plan and comply with all other provisions of the plan." *Collier on Bankruptcy*, ¶ 1325.07 (16th ed. 2022). Therefore, the court must refuse to confirm a plan if it finds that the debtor will be unable to make all payments under the plan and otherwise comply with the plan. 11 U.S.C. § 1325(a)(6).  The debtor bears the burden of proving the proposed plan is feasible. *Matter of Ponteri*, 31 B.R. 859 (Bankr. D.N.J. 1983).

In this case, it is apparent that the Debtor has failed to satisfy his burden of proving that the proposed plan.

First, the Debtor is a contract employee whose income carries too much uncertainty for the plan to be feasible. His income fluctuates as shown in his plan. *In re Buccolo*, 397 B.R. 527, 535 (Bankr. D.N.J. 2008) (finding that the seasonal nature of the debtor's limousine business did not support the feasibility of the chapter 13 plan).

Second, the Debtor's net monthly income of $921 is not enough to pay the $1000 monthly payment he proposes to make to the IRS.

Finally, the Debtor has introduced no evidence to establish that the sale contemplated by his plan is reasonably likely to occur at the times specified in the plan. There are whose host of events that could preclude the Debtor's planned sale such as market conditions or the Debtor's personal situations. Furthermore, the Debtor filed for bankruptcy after defaulting on his settlement agreement which gave the IRS the right to sell his property. The Debtor's bankruptcy filing is delaying the IRS from enforcing its rights under the settlement agreement.

In short, given the myriad of contingencies, the Debtor's plan does not satisfy the feasibility requirement of § 1325(a)(6) and the Court should deny its confirmation. If the Court confirms the plan, and the sale of the residence does not occur by September 30, 2023, the United States asks that it be permitted to file dismissal of this case and reinstate its prior settlement agreement.

**B.      The Debtor's plan does not account for the IRS' unsecured priority claim.**

The Debtor's plan fails to account for the IRS' unsecured priority claim of $4,909.13 and should be amended accordingly.

**C.      The United States objects to a sale of the real property to the extent that the sale seeks to circumvent the United States' lien.**

The United States has a lien upon the property and rights to the property of Donald Meliado and Jacqueline Meliado, which secures the unpaid balance of their unpaid joint tax liabilities. The Debtor's proposed plan seeks to fund the plan in part through the sale of 115 Pawnee Road, Cranford, New Jersey, with the plan providing that a source of plan funding will be "Debtor's ½ share of non-exempt proceeds from the sale of" that property. (Doc. No. 15 at page 2, Part 1(b)). That provision says that "spouse Jacqueline Meliado" "will receive ½ of net

sale proceeds." *Id.* If this plan language purports to eliminate the United States' lien upon the

property and rights to property of Jacqueline Meliado, the United States objects. The United

States' liens attach to the entirety of property located at 115 Pawnee Road, Cranford, New

Jersey, not just the portion of the property that the Debtor owns. The Debtor is certainly free to

attempt to fund his plan through a sale of the property, with his portion of the sale proceeds

given to the Trustee to fund the plan, but the Debtor is not free to sell the property free and clear

of the liens against the non-debtor co-owner.  If that is the intention of the plan, the United States

objects.

WHEREFORE the United States respectfully requests that the court deny confirmation of

the Debtor's plan.

DATE: November 30, 2022

DAVID A. HUBBERT
Deputy Assistant Attorney General

 */s/ Gokce T. Yurekli* 
GOKCE T. YUREKLI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 598-0581
Fax: (202) 514-6866
Gokce.T.Yurekli@usdoj.gov
*Attorney for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically provide notification of filing to all registered users of the CM/ECF system, including Counsel for the Debtor.

Further, on the same day, I caused to be sent a true and correct copy of the foregoing document to the following via Regular, First-Class U.S. Mail:

Donald J. Meliado, Jr.
115 Pawnee Road
Cranford, NJ 07016
*The Debtor*

Michael McLaughlin
Law Offices of Michael McLaughlin, LLC
72 West End Avenue
Somerville, NJ 08876
*Counsel to the Debtor*

Marie-Ann Greenberg
30 Two Bridges Rd, Suite 330
Fairfield, NJ 07004-1550
*The Trustee*

*/s/ Gokce T. Yurekli*
GOKCE T. YUREKLI
Trial Attorney, Tax Division
U.S. Department of Justice